IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NIDAL ISA, :
    Petitioner :
: No. 1:19-cv-786
v. :
: (Judge Kane)
WARDEN LSCI ALLENWOOD,[1] :
    Respondent :

## MEMORANDUM

**I.    BACKGROUND**

On April 18, 2019, pro se Petitioner Nidal Isa ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. (Doc. No. 1.) In his petition, Petitioner asserts that he is entitled to immediate recalculation of his good time credit in light of the First Step Act of 2018, Pub. L. 115-391, signed into law on December 21, 2018. (Id.) He asserts that under this recalculation, he is entitled to an additional 75 days of good time credit, which would have allowed him to be released on April 10, 2019. (Id. at 7.) His current projected release date is June 24, 2019. (Id.)

On May 1, 2019, the Southern District of New York transferred Petitioner's § 2241 petition to this Court for further consideration. (Doc. No. 3.) In an administrative order dated May 10, 2019, Petitioner was directed to either pay the requisite filing fee or file a signed motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 6.) Petitioner paid the

---

[1] Petitioner has named the United States of America as the Respondent in this action. However, in a habeas corpus challenge, "the proper respondent is the warden of the facility where the [individual] is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Accordingly, the Court will direct the Clerk of Court to substitute the Warden of LSCI Allenwood as the Respondent in this matter.

filing fee on May 15, 2019. For the reasons set forth below, the Court will dismiss Petitioner's § 2241 petition without prejudice.

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Section 102(b)(1) of the First Step Act "amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." See Schmutzler v. Quintana, No. 5:19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019). However, these provisions do not take effect until the Attorney General completes the "risk and needs assessment system," which must be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act. See id. at *2. Thus, section 102(b)(1) "will not take effect until approximately mid-July 2019." Christopher v. Wilson, No. 4:19-cv-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019). Accordingly, Petitioner's argument that he is entitled to immediate relief lacks merit, and his request for a recalculation of his good-time credit based upon the amendments is premature. See Schmutzler, 2019 WL 727794, at *2 (summarily dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative remedies); see also Dailey v. Bureau of Prisons, No. 1:19-0662-RMG, 2019 WL

2089167, at *1 (D.S.C. May 13, 2019); Butler v. Warden, Williamsburg FCI, No. 4:19-0726-MBS, 2019 WL 2088627, at *1 (D.S.C. May 13, 2019); Brown v. Warden of FCI Williamsburg, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *6-7 (D.S.C. Mar. 25, 2019); Rizzolo v. Puentes, No. 1:19-cv-00290-SKO-HC, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019); Sheppard v. Quintana, No. 5:19-cv-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019); Sennett v. Quintana, No. 5:19-cv-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019).

Moreover, Isa's argument that delayed implementation of these provisions violates due process lacks merit. As the United States District Court for the Eastern District of New York has stated,

> [t]he law is clear that inmates are not a suspect class. As to the question of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. See 18 U.S.C. § 3624(b). It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution. The BOP's policy of calculating good time credits is therefore subject only to rational basis review.

Perez v. Zenk, No. 04-CV-5069 (CBA), 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); see also Molina v. Underwood, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019) (summarily dismissing § 2241 petition seeking immediate recalculation of good-time credit under the First Step Act and rejecting equal protection and due process claims).

Moreover, while § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative

3

autonomy." Id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

Petitioner argues that he is not required to exhaust his administrative remedies and that exhaustion should be excused "due to irreparable harm from delay incident to administrative remedies." (Doc. No. 1 at 3, 23.) He asserts that without the Court's intervention, he "faces imminent irreparable harm in the form of over-service of his sentence given that his correct release date under the new law will pass in a matter of days." (Id. at 23.) Petitioner further argues that exhaustion would be futile because the Bureau of Prisons has notified prisoners that the First Step Act's good time credit provisions are not effective immediately. (Id.) Petitioner's allegations, however, are insufficient to excuse his failure to pursue his administrative remedies. See Schmutzler, 2019 WL 727794, at *2; cf. Ross v. Martinez, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (noting that this Court has "consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark [in challenges to RRC placement under the Second Chance Act]'"). As noted above, the BOP "will determine how to implement those portions of" the First Step Act regarding recalculation of good-time credit. United States v. Kamber, No. 09-cr-40050-JPG, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019). Once that occurs, Petitioner may "file a lawsuit after exhausting administrative remedies." Id. Thus, Petitioner must first request the relief he seeks through the BOP's administrative process before pursuing his claim in this Court.

**III.   CONCLUSION**

Based on the foregoing, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be dismissed without prejudice.  An appropriate Order follows.